# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ATIBA GRIFFITH** : | CIVIL ACTION |
| Plaintiff, : | No. _____ |
| v. : | |
| **GWYNEDD MERCY UNIVERSITY** : | JURY TRIAL DEMANDED |
| Defendant. : | |

## CIVIL ACTION COMPLAINT

Plaintiff Atiba Griffith ("Plaintiff") hereby complains as follows against Gwynedd Mercy University ("Defendant"):

**I.   Parties**

1. Plaintiff is an adult male and citizen of the United States and the State of New York.

2. Defendant is a Catholic university, founded and sponsored by the Sisters of Mercy of Merion, Pennsylvania.  It employees more than 500 full-time and part-time employees in administration, faculty and staff.

3. Defendant maintains its campus and principal place of business in Gwynedd Valley, Montgomery County, PA.

**II.   Jurisdiction and Venue**

4. This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial

justice, satisfying the standard set forth by the United States Supreme Court in *Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945) and its progeny.

5. The United States District Court for the Eastern District of Pennsylvania has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. § 1332(a)(1) because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

6. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1391(a)(2), because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

### III. Factual Background

7. Plaintiff has earned several advanced educational degrees, including a Doctorate in Education.

8. Plaintiff was hired by Defendant as an Assistant Professor beginning with the 2024-25 academic year. He taught the subject of Quantitative Research in Defendant's Education Doctorate program.

9. The contract the parties entered into for that academic year is attached as Ex. 1.

10. The parties also entered into a Teleworking Agreement which allowed Plaintiff to perform his teaching duties remotely, unless otherwise specified. The Teleworking Agreement is attached as Ex. 2.

11. Plaintiff was born in Barbados and has family in Barbados.

12. During the 2024-2025 academic year, most of Plaintiff's teaching pursuant to the aforesaid agreements was conducted remotely.

13. Defendant was satisfied with Plaintiff's performance.

14. In June 2025, the parties entered into another employment contract, this one for the 2025-2026 academic year. That contract is attached as Ex. 3.

15. According to the contract, Plaintiff was to receive a salary of $71,400, plus employee benefits including, but not limited to, medical, dental, and life insurance, short- and long-term disability coverage, a retirement plan, and a tuition remission/tuition exchange program.

16. Later in June, Defendant informed Plaintiff that it will not honor the parties' contract for the 2025-26 academic year.

17. As a justification for its nonperformance, Defendant alleges that because Plaintiff partially provided his teaching services from Barbados, it believes it must register to pay taxes in Barbados to comply with applicable laws.

18. Irrespective of whether Defendant is correct, Defendant is not excused from performing its contractual obligations to Plaintiff.

## COUNT ONE
## BREACH OF CONTRACT

19. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

20. As set forth above, Defendant has breached its 2025-26 agreement with Plaintiff, the

terms of which were agreed-to in writing, and Plaintiff has suffered and will continue to suffer financial harm in excess of $75,000.

**WHEREFORE**, Plaintiff respectfully prays that this Honorable Court enter judgment in his favor and against Defendant for the value of the contract.

## COUNT TWO
## VIOLATIONS OF THE PA WAGE PAYMENT AND COLLECTION LAW

21. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

22. Defendant is an employer as that term is defined in the Pennsylvania Wage Payment and Collection Law ("WPCL") (43 P.S. § 260.1 *et seq.*). *See* 43 P.S. § 260.2a. 19.

23. Plaintiff is lawfully entitled to the contractual benefits set forth in the 2025-26 contract including, but not limited to, salary and benefits.

24. Plaintiff has made demands upon Defendant for payment of the aforesaid salary and benefits.

25. Defendant has refused to pay the aforesaid salary and benefits.

26. Defendant's actions as aforesaid constitute violations of the WPCL.

27. In addition to the aforesaid salary and benefits, Plaintiff is entitled to liquidated damages in an amount equal to twenty-five (25) percent of the amount due and owing in accordance with 43 P.S. § 260.10.

28. In addition to the commissions due and owing, and the 25% penalty, Plaintiff is entitled to an award of attorneys' fees associated with this action in accordance with 43 P.S.

§ 260.9a(f).

**WHEREFORE**, Plaintiff respectfully prays that this Honorable Court enter judgment in his favor and against Defendant, and order payment of salary and benefits due and owing, the 25% penalty, attorneys' fees, and other amounts as this Court finds just.

                        **WEINSTEIN LAW FIRM, LLC**

By: *Marc E Weinstein*
       Marc E. Weinstein, Esquire
       500 Office Center Drive
       Suite 400
       Fort Washington, PA 19034
       267.513.1942 tel
       marc@meweinsteinlaw.com
       Counsel to Plaintiff

Dated: August 25, 2025